1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL E. GUILLEN, | Case No. CV 13-8170 RNB |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION GRANTING IN PART PLAINTIFF'S PETITION FOR EAJA FEES; AND ORDER THEREON |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Now pending before the Court and ready for decision is plaintiff's Motion for Attorneys' Fees Under the Equal Access to Justice Act ("EAJA"). The Government filed an Opposition to the Motion and plaintiff filed a Reply Brief ("Reply") thereto. Plaintiff requests that the Court award $4,750 for work on the case culminating in the EAJA Motion, as well as $700 for preparation of the Reply, for a total requested award of $5,450.

## DISCUSSION

A.   **The Government's position was not substantially justified.**

The Equal Access to Justice Act ("EAJA") provides in pertinent part:

"Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other

1

1    expenses . . . incurred by that party in any civil action (other than cases
2    sounding in tort), including proceedings for judicial review of agency
3    action, brought by or against the United States in any court having
4    jurisdiction of that action, unless the court finds that the position of the
5    United States was substantially justified or that special circumstances
6    make an award unjust." 28 U.S.C. § 2412(d)(1)(A).
7
8        The term "position of the United States" is not limited to the legal position of
9    the Government during litigation, but rather includes "the action or failure to act by
10   the agency upon which the civil action is based. See 28 U.S.C. § 2412(d)(2)(D);
11   Gutierrez v. Barnhart, 274 F.3d 1255, 1259 (9th Cir. 2001); Andrew v. Bowen, 837
12   F.2d 875, 878 (9th Cir. 1988). Thus, the burden here is on the Government to
13   establish that it was substantially justified on the whole, considering both the
14   underlying administrative decision of the ALJ and the Commissioner's litigation
15   position in defending the ALJ's decision. See Gutierrez, 274 F.3d at 1259; Kali v.
16   Bowen, 854 F.2d 329, 332 (9th Cir. 1988). However, the Ninth Circuit also has
17   observed that "[i]t is difficult to imagine any circumstance in which the government's
18   decision to defend its actions in court would be substantially justified, but the
19   underlying administrative decision would not." See Flores v. Shalala, 49 F.3d 562,
20   570 n.11 (9th Cir. 1995).
21       In Pierce v. Underwood, 487 U.S. 552, 565, 108 S. Ct. 2541, 181 L. Ed. 2d 490
22   (1988), the Supreme Court held that the statutory phrase "substantially justified" does
23   not mean "justified to a high degree." Rather, it means "justified in substance or in
24   the main," or in other words "justified to a degree that could satisfy a reasonable
25   person." The Supreme Court further held that this interpretation of the phrase was
26   equivalent to the formula adopted by the Ninth Circuit Court of Appeals, i.e., "a
27   reasonable basis both in law and fact." See also Shaffer v. Astrue, 518 F.3d 1067,
28   1071 (9th Cir. 2008). There is no presumption that the Government's position was

2

not substantially justified merely because it lost the case.  See United States v. Marolf, 277 F.3d 1156, 1162 (9th Cir. 2002); Kali, 854 F.2d at 334.  Under the reasonableness standard approved by the Supreme Court in Pierce, the Ninth Circuit has found the Commissioner's position substantially justified even where, for example, an ALJ "badly mischaracterized" evidence and "ignored . . . clear direct evidence" that the claimant's past work required more than her residual functional capacity limitations would allow her to do.  See Lewis v. Barnhart, 281 F.3d 1081, 1083-84 (9th Cir. 2002).

Here, plaintiff raised three issues in the Joint Stipulation as grounds for reversal under Sentence Four of 42 U.S.C. § 405(g).  Plaintiff then raised five additional issues in Supplemental Briefing as grounds for reversal under Sentence Six of 42 U.S.C. § 405(g).  The Court rejected all of plaintiff's contentions with one exception: the Court found that the ALJ had failed to provide "specific and legitimate" reasons to reject the opinion of plaintiff's treating physician, Dr. Boutros.  (See Order at 14-16.)  Thus, plaintiff's entitlement to EAJA fees turns on whether the Government's position was substantially justified with respect to that issue.[1]

In Meier v. Colvin, 727 F.3d 867, 872-73 (9th Cir. 2013), the Ninth Circuit held that neither the Commissioner's underlying agency conduct nor the Commissioner's litigation position was substantially justified when the ALJ had failed to provide "specific and legitimate reasons, supported by substantial evidence"

---

[1]    The fact that the Commissioner prevailed on all of the other disputed issues in the underlying litigation does not render the Commissioner's position substantially justified.  See Tobeler v. Colvin, 749 F.3d 830, 834 (9th Cir. 2014) (district court erred in premising denial of EAJA fees on fact that "[w]hile Plaintiff prevailed on the issue of lay witness testimony, the remainder of the ALJ's conclusions were affirmed") (citing Flores v. Shalala, 49 F.3d 562, 564 (9th Cir. 1995)); see also Hackett v. Barnhart, 475 F.3d 1166, 1174 n.1 (10th Cir. 2007) (Commissioner's position was not substantially justified even though Commissioner prevailed on 5 of 6 issues in district court).

1    for rejecting a treating physician's opinion.  The Ninth Circuit has since found that
2    an ALJ's failure to properly consider a treating or examining physician's opinion
3    means that the Commissioner's position was not substantially justified.  See Herron
4    v. Colvin, -Fed. Appx. -, 2014 WL 5319713, at *1 (9th Cir. Oct. 20, 2014) (now
5    citable for its persuasive value per Ninth Circuit Rule 36-3); Martin v. Commissioner
6    of Social Sec., - Fed. Appx. -, 2014 WL 4378719, at *1 (9th Cir. Sept. 5, 2014);
7    Sanchez v. Colvin, 572 Fed. Appx. 496, 497 (9th Cir. 2014).

8         The Court likewise finds that the Commissioner's position here with respect
9    to the treating physician issue was not substantially justified, especially because the
10   Commissioner conceded in the Joint Stipulation that the ALJ's primary rationale for
11   rejecting Dr. Boutros's opinion – that the opinion was based on actual improprieties
12   – was not supported by any evidence.  (See Order at 16; see also Joint Stip at 16.)
13   Although the Commissioner continues to insist that what the ALJ actually meant as
14   to Dr. Boutros's opinion was that "the treatment record was brief and that the opinion
15   departed substantially from the rest of the evidence in the record" (see Opposition at
16   4), the Court already has squarely rejected that argument.  As the Court previously
17   noted, the Commissioner's interpretation was not persuasive because (a) it failed to
18   account for the full context of the ALJ's reasoning and (b) even if the interpretation
19   were correct, it still would not have been a legally sufficient reason on which the ALJ
20   could properly rely to reject Dr. Boutros's opinion.  (See Order at 16 n.6).

21

22   **B.   A reduction in the number of hours of attorney time that plaintiff claims**
23        **was expended is warranted.**

24        In Commissioner, INS v. Jean, 496 U.S. 154, 161, 110 S. Ct. 2316, 110 L. Ed.
25   2d 134 (1990), the Supreme Court made clear that the standards for an award of fees
26   to a prevailing party set forth in Hensley v. Eckerhart, 461 U.S. 424, 103 S. Ct. 1933,
27   76 L. Ed. 2d 40 (1983) apply to EAJA cases.  See also Atkins v. Apfel, 154 F.3d 986,
28   988-89 (9th Cir. 1998).  Under Hensley, hours that are not "reasonably expended" or

1   which are "excessive, redundant or otherwise unnecessary" are not compensable. See
2   Hensley, 461 U.S. at 434.

3

4        1.    Time spent on Supplemental Briefing

5        The Commissioner contends that plaintiff's counsel unnecessarily spent 8.3
6   attorney hours preparing Supplemental Briefing with respect to the Sentence Six
7   issues ("Sentence Six claims"), all of which the Court eventually rejected. (See
8   Opposition at 7.)[2]  The Court agrees.

9        Where, as here, a claimant succeeds on only some of his claims, a district court
10  must address two questions under Hensley. First, the district court must ask whether
11  the claims on which the claimant failed to prevail were related to the claimant's
12  successful claims.  If unrelated, the final fee award may not include time expended
13  on the unsuccessful claims.  Second, if the unsuccessful and successful claims were
14  related, the district court must evaluate the significance of the overall relief obtained
15  by the claimant in relation to the hours reasonably expended on the litigation.  See
16  Schwarz v. Secretary of Health and Human Services, 73 F.3d 895, 901-02 (9th Cir.
17  1995) (citing Hensley, 461 U.S. at 434-35); Thorne v. City of El Segundo, 802 F.2d
18  1131, 1141 (9th Cir. 1986) (same).

19       As to the first question, the Court finds that plaintiff's unsuccessful Sentence
20  Six claims were unrelated to the treating physician claim on which plaintiff succeeded
21  because they involved different facts and legal theories. See Schwarz, 73 F.3d at 901
22  (citing Hensley, 461 U.S. at 440).  As to the facts, the Sentence Six claims involved
23  whether remand to the ALJ was appropriate in light of plaintiff's subsequent award
24  of disability benefits based on new evidence of his blindness. By way of contrast, the

25  _____

26       [2]    Although the Commissioner elsewhere in the Opposition calculated this
27  time as 11.7 hours (see Opposition at 7), the billing record submitted by plaintiff's
    counsel reflects that counsel spent 8.3 hours on the Sentence Six issues (see Motion
28  Exh. 1).

1    treating physician claim involved whether the ALJ had properly denied plaintiff's

2    initial application for disability benefits in light of the treating physician's opinion

3    about plaintiff's limitations from untreated hepatitis C and kidney stones.  Indeed,

4    none of the evidence supporting the Sentence Six claims overlapped with any of the

5    evidence supporting the treating physician claim.  As to the legal theories, the

6    Sentence Six claims only compelled the Court to consider whether the subsequent

7    award of benefits was material so as to warrant remand; the Court did not affirm,

8    modify, or reverse the Commissioner's decision or rule in any way as to the

9    correctness of the administrative determination.  See Melkonyan v. Sullivan, 501 U.S.

10   89, 98, 111 S. Ct. 2157, 115 L. Ed 2d 78 (1991).  By way of contrast, the treating

11   physician claim fell under Sentence Four and authorized the Court to affirm, modify,

12   or reverse the decision of the Commissioner, based on the Court's independent

13   determination that the ALJ had failed to provide legally sufficient reasons for

14   rejecting the treating physician's opinion and that the ALJ's decision therefore was

15   not supported by substantial evidence or free of legal error.  See id.; Smolen v.

16   Chater, 80 F.3d 1273, 1279 (9th Cir. 1996).

17        The unsuccessful Sentence Six claims also were unrelated to the successful

18   treating physician claim because they were isolated and presented separately, in

19   Supplemental Briefing filed after the parties had filed their Joint Stipulation raising

20   the treating physician claim.  See Webb v. Sloan, 330 F.3d 1158, 1169 (9th Cir. 2003)

21   (unsuccessful claims are unrelated when they can be clearly "isolated" from the

22   successful claims), cert. denied, 540 U.S. 1141 (2004); Thorne, 802 F.2d at 1141

23   (noting that courts evaluating relatedness may consider, inter alia, whether the

24   unsuccessful claims were presented separately).  Although plaintiff's counsel assert

25   that they raised the Sentence Six claims in Supplemental Briefing only upon the

26   request of Commissioner's counsel (see Motion at 3; Reply at 4), this circumstance

27   is immaterial to whether the claims were related.  See Schwarz, 73 F.3d at 904

28   (argument that counsel had raised unsuccessful claims as part of a "good faith

6

1   strategy" was immaterial to whether the unsuccessful and successful claims were
2   related).

3        "Once a district court concludes that a plaintiff has pursued unsuccessful
4   claims that are unrelated to the successful claim, its task is to exclude from the
5   calculation of a reasonable fee all hours spent litigating the unsuccessful claims."
6   Schwarz, 73 F.3d at 904 (citing Hensley, 461 U.S. at 440).  Here, it is clear from the
7   billing record (which details 25.4 hours) that plaintiff's counsel expended 8.3 hours
8   on the unsuccessful Sentence Six claims.

9        In their Reply, plaintiff's counsel contend that any reduction of attorney hours
10  should be limited to ten percent under Costa v. Commissioner of Social Security
11  Administration, 690 F.3d 1132, 1136-37 (9th Cir. 2012).  In that case, the Ninth
12  Circuit stated that, in determining what constitutes a reasonable fee award under the
13  EAJA, "courts should generally defer to the 'winning lawyer's professional judgment
14  as to how much time he was required to spend on the case.'"  See id. at 1136 (citing
15  and quoting Moreno v. City of Sacramento, 534 F.3d 1106, 1112 (9th Cir. 2008)).
16  However, the Court finds that Costa is distinguishable because the issue there was not
17  whether the plaintiff should be compensated for time spent on unsuccessful and
18  unrelated claims.  Rather, the issue was whether it was an abuse of discretion to apply
19  a de facto policy limiting Social Security claimants to 20 to 40 hours of attorney time
20  in "routine" cases.  See Costa, 690 F.3d at 1136.  The Court does not construe Costa
21  as precluding a district court from applying a reduction exceeding ten percent where,
22  as here, the district court provides a sufficiently specific explanation for the
23  reduction.  See id. at 1136-37 (citing Moreno, 534 F.3d at 1112-13); see also
24  Gonzalez v. City of Maywood, 729 F.3d 1196, 1203 (9th Cir. 2013) (noting that
25  Schwarz affirmed a 75 percent cut that was sufficiently explained).

26       The Court therefore will reduce the total number of hours for which EAJA
27  compensation is sought by 8.3.

28  //

2.    <u>Time spent on preparation of the Reply</u>

Plaintiff's counsel seek an additional amount of $700 for time spent to prepare their Reply to the Commissioner's Opposition to their EAJA Motion. (<u>See</u> Reply at 5.) The Court calculates that, based on an EAJA hourly rate of $187.02, plaintiff's counsel claim to have spent 3.74 hours to prepare their Reply.

The Court finds that 3.74 hours for preparation of the Reply is excessive. The Reply Brief is only four pages long (compared to the original EAJA Motion, which is five pages long and took plaintiff's counsel only 1.1 hours to prepare) and addressed only two issues. Of those four pages, only 2.5 pages addressed the merits of the issues (i.e., substantial justification and reasonableness). Moreover, the Reply did not appear to have been created out of whole cloth and did not appear to require additional factual development or novel legal research peculiar to this case. Rather, the Reply primarily reiterated the facts set out in the Motion and relied upon general legal principles that are widely known and that plaintiff's counsel would also have cited in connection with other EAJA motions. See <u>Moreno</u>, 534 F.3d at 1112-13 (noting that a reduction of EAJA fees for "duplication of effort" is permissible when accompanied by a sufficiently specific explanation); <u>see also</u> <u>Chaudhry v. City of Los Angeles</u>, 751 F.3d 1096, 1111-12 (9th Cir. 2014) ("We held in <u>Moreno</u> that [applying a reduction for] duplicative work is not inherently inappropriate."). Even so, the Court's ruling on plaintiff's EAJA motion is substantially based on its own independent research on the issues, and not on the legal authorities cited by plaintiff's counsel. <u>See</u> <u>Reyna v. Commissioner of Social Sec.</u>, 548 Fed. Appx. 404, 405 (9th Cir. 2013) (finding no abuse discretion in reduction of EAJA fees in part because the district court independently researched the critical dispositive issue and found the relevant law not discussed in the briefs).

Accordingly, the Court finds that any time spent in excess of 1.5 hours for preparation of the Reply is unreasonable. This finding is based on (1) the number of hours plaintiff's counsel claim to have expended for preparation of the EAJA motion;

(2) the fact that the Reply only needed to address two substantive issues; (3) the duplicative nature of the facts and law forth in the Reply; and (4) the necessity for the Court to conduct its own legal research.

### 3.   Conclusion

In conclusion, the Court finds that the total number of attorney hours for which plaintiff is entitled to EAJA compensation is 18.6 hours.

## ORDER

IT IS THEREFORE ORDERED AS FOLLOWS: (1) plaintiff's EAJA motion is granted in part; (2) plaintiff is awarded EAJA fees in the amount of $3,478.57; and (3) the Commissioner shall pay such EAJA fees, subject to any offset to which the Government legally is entitled.

DATED:  December 15, 2014

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE